IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HELEN ROSSELLO, *et al.*,

    **Plaintiffs,**

    v.

AVON PRODUCTS, INC.,

    **Defendant**

CIVIL NO. 14-1815 (JAG)

MEMORANDUM & ORDER

GARCIA-GREGORY, D.J.

    Before the Court is Helen Rosello, Maria Villeneuve, and Wanda Vazquez's (collectively "Plaintiffs") Motion for Conditional Class Certification. Docket No. 13. This motion was referred to Magistrate Judge McGiverin, who issued a Report and Recommendation. Docket No. 52. After considering Defendant's objections, and a *de novo* review of the record and the parties' arguments, the Court determines that the Magistrate's Report & Recommendation is well grounded in both fact and law. Therefore, the Court hereby ADOPTS in its entirety the Magistrate's Report & Recommendation, Docket No. 52, and accordingly, GRANTS IN PART Plaintiffs' Motion for Conditional Class Certification.

    Defendant's Objections raise three main arguments, all three of which were carefully evaluated and rejected by the Magistrate Judge. Docket No. 56. First, Defendant argues that the Magistrate erred by not requiring Plaintiffs to show that there is actual interest from other members of the putative class —Defendant's District Sales Managers ("DSM") in Puerto Rico — to opt into the suit.[1] *Id.* at 4-6. This Court agrees with the Magistrate that Plaintiffs are not

---

[1] In support of this argument, Defendant submitted a declaration by Maria Echenique, Defendant's Divisional Sales Manager for two divisions, simultaneously with its Objections to the R&R. Docket No. 56-1. Defendant uses the

required to make this showing before conditional certification is granted. Imposing such a requirement on Plaintiffs would "put the cart before the horse," as it would force Plaintiffs to issue their own informal notice before they petition the Court to issue formal notice. *See Heckler v. DK Funding, LLC*, 502 F.Supp.2d 777, 780 (N.D. Ill. 2007). This would "undermine a court's ability to provide potential plaintiffs with a fair and accurate notice" and increase the possibility of misleading potential plaintiffs. *Id.* Furthermore, imposing such a requirement would undermine the broad remedial goal of the Fair Labor Standards Act ("FLSA"). *See, e.g., Shipes v. Amurcon Corp.*, No. 10-14943, 2012 WL 995362, at *9 (E.D. Mich. Mar. 23, 2012); *Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007); *see also Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 629 (D. Colo. 2002) (stating that this requirement seems to conflict with the United States Supreme Court's position that the FLSA "should be liberally 'applied to the furthest reaches consistent with congressional direction.' ") (quoting *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296 (1985)).

In addition, the Court fails to see the importance of assessing the interest of other Plaintiffs in joining the action at the conditional certification stage when there exists a second stage where Defendant could move to decertify the class if in fact no other plaintiffs opt in. *See Perez v. Prime Steak House Rest. Corp.*, 959 F. Supp. 2d 227, 230 (D.P.R. 2013) (explaining the two-tiered approach district courts apply to class certification of FLSA actions). In any case, even if the Court were to find that Plaintiffs must show actual interest of other DSMs to opt in, the Court believes the existence of the three current named Plaintiffs —one current DSM and two former DSMs, Docket

---

declaration to argue that Plaintiffs had the opportunity to contact other DSMs because DSMs participate in various meetings and social gatherings throughout the year. Docket No. 56 at 4-5. Defendant raises this argument for the first time in its Objections. A party is not entitled to *de novo* review of an argument not raised before the magistrate. *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-991 (1st Cir. 1988). Defendant had a full and fair opportunity to present this argument along with the evidence in the Echenique declaration before the Magistrate and failed to do so. Therefore, the argument and evidence are waived and this Court does not consider them. Even if the Court were to consider this new evidence, it would not change the Court's analysis.

No. 13-2 at 1; Docket No. 13-3 at 1; Docket No. 13-4 at 1 —is sufficient to establish Plaintiffs' "light" burden in showing this interest.[2] *Perez*, 959 F. Supp. at 231 (D.P.R. 2013) (quoting *Johnson v. VCG Holding Corp.*, 802 F. Supp. 2d 227, 235 (D. Me. 2011)). Therefore, Plaintiffs do not have to show any further interest to opt in before conditional certification is granted.

Second, Defendant argues that the Magistrate erred in denying Defendant's Motion to Strike the Declarations Supporting Plaintiffs' Conditional Certification Motion. Docket No. 56 at 6-9. This Court agrees with the Magistrate that Plaintiffs' declaration should not be stricken.[3] The Magistrate correctly concluded that declarations in support of a conditional certification motion do not need to satisfy the demanding Rule 56 summary judgment standard. *See White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. 2006). Once this standard is properly discarded, it is reasonable to infer that Plaintiffs have personal knowledge of the general job duties of DSMs and Avon's treatment of its DSMs.[4] Therefore, this Court agrees with the Magistrate that Defendant's Motion to Strike should be denied.

Lastly, Defendant argues that the Magistrate erred in concluding that DSMs' job duties are sufficiently similar to warrant conditional certification. Docket No. 56 at 9-11. This Court agrees with the Magistrate that Plaintiffs have made the requisite modest factual showing that

---

[2] If the Court were to adopt Defendant's rule, this would require a court to determine how much interest is sufficient to warrant conditional certification. This would force courts to draw an arbitrary numerical line. Would two interested plaintiffs be sufficient to satisfy this requirement? Three? Four? The Court cannot fathom an objective standard by which courts could make this determination. This necessity for arbitrary line drawing further advises against requiring Plaintiffs to show opt in interest.

[3] Defendant is not entitled to *de novo* review of the Magistrate's denial of Plaintiffs' Motion to Strike, as the Magistrate had full authority to dispose of this motion. In fact, the Magistrate did not recommend that Defendant's Motion to Strike be denied, but he actually denied Defendant's Motion. Docket No. 52 at 1. To the extent that Defendant's argument constitutes a motion for reconsideration on this issue, it is denied as this Court agrees with the Magistrate's Order.

[4] In Defendant's Reply Brief, Defendant correctly pointed out that Plaintiffs plagiarized federal court decisions without any attribution in their Opposition Brief. Docket No. 60-1 at 5-6. Defendant's argument that Plaintiffs' personal knowledge should not be inferred because of their attorneys' plagiarism is unpersuasive. However, Plaintiffs' plagiarism is dishonest, unprofessional, and potentially sanctionable. *See Pagan Velez v. Laboy Alvarado*, 145 F. Supp. 2d 146, 160-61 (D.P.R. 2001) (reprimanding attorney for plagiarizing full pages of a federal court opinion). The Court advises Plaintiffs to refrain from engaging in plagiarism in future filings before this Court and to properly attribute all statements and arguments. Failure to do so will result in the imposition of sanctions.

they are similarly situated with other DSMs in Puerto Rico, and therefore conditional certification is appropriate. Plaintiffs have introduced three unsworn declarations —one from each plaintiff— describing the duties that they and other DSMs perform in Puerto Rico. Docket No. 13-2; Docket No. 13-3; Docket No. 13-4. In addition, they have submitted two DSM job descriptions, apparently prepared by Defendant. Docket No. 31-2; Docket No. 31-3. The three declarations and the job descriptions all coincide in showing that DSMs are similarly responsible for recruiting, training, and overseeing Independent Sales Representatives. This is sufficient to establish Plaintiffs' light burden that all DSMs have "similar (not identical) job duties," *see Perez*, 959 F. Supp. 2d at 231 (quoting *Prescott v. Prudential Ins. Co.*, 729 F. Supp. 2d 357, 364 (D. Me. 2010)), and thus conditional certification is appropriate. The fact that DSMs might differ in the *manner in which they perform* their job duties, as Defendant argues, Docket No. 56 at 9, does nothing to change the fact that all DSMs have similar job duties. Therefore, this Court agrees that Plaintiffs have shown they are similarly situated with all DSMs in Puerto Rico.

In conclusion, this Court hereby ADOPTS in its entirety the Magistrate's Report & Recommendation for the reasons stated therein, Docket No. 52, and accordingly, GRANTS IN PART Plaintiffs' Motion for Conditional Class Certification.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of September, 2015.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge